IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.:  19-10021-EFM |
| ) | |
| DALTON HARTLEY, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On January 12, 2022, Defendant Dalton Hartley filed a motion for early termination of his term of probation (Doc. 49).  The Court promptly denied that motion, and Defendant appealed. The United States Court of Appeals for the Tenth Circuit reversed that decision and remanded the matter to this Court for a more particularized determination.

Mr. Hartley was charged in January of 2019 in a three-count, multi-defendant indictment. In Count 1, he was charged with conspiring to distribute and dispense prescription drugs in violation of 21 U.S.C. §§ 841 and 846.  He was not charged in Count 2.  In Count 3 he was charged with Aiding and Abetting the Acquiring of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception and Subterfuge in violation of 21 U.S.C. § 843.  He ultimately entered a guilty plea to Court 3, in which he agreed to forfeiture and restitution, and in which the Government agreed to dismiss Count 1 at sentencing.  The Government also agreed in the plea agreement to recommend jointly with the defendant a sentencing range of 18 months house arrest up to the low end of the applicable sentencing guideline range, and should the Court reject the joint recommendation to allow the Defendant to request a downward departure or variance.  The parties

also jointly recommended that Defendant be required to complete 200 hours of community service while on house arrest, in part by speaking to students at the University of Kansas School of Pharmacy. Defendant agreed to pay restitution to CVS Health in the amount of $12,829.08

The facts of the case, as admitted to in his plea agreement, reflected that Defendant was married to his co-defendant Kirsty Hartley, who was a licensed pharmacist. She unlawfully altered legitimate prescriptions for controlled substances, filled them and paid for them herself, and then took them to Defendant who ingested them or traded them for marijuana.

Defendant's Offense Level under the advisory United States Sentencing Guidelines was determined to be 6. He had no criminal history, so his Criminal History category was determined to be I. For this presentation, the Guidelines recommended that the Defendant be sentenced to a term of 1 to 5 years of probation, along with the agreed upon restitution and special assessment pursuant to the Crime Victims Fund.

The Presentence Investigation Report indicated that Defendant has used marijuana between the ages of 19 and 24 on the weekends, and thereafter he smoked one marijuana "joint" a month. He indicated that he has not used marijuana since 2017. Similarly, he advised that he had abused prescription medications starting in 2014 but had not abused them since 2017. The PSIR also reported that he had been attending 12-step meetings through his church and was as of that date (July of 2019) 21 months sober. The PSIR also noted that, by being allowed to not plead to Count 1 of the Indictment, he avoided a conviction which would carry a maximum penalty of 20 years imprisonment.

At sentencing, the Court imposed a term of 3 years of supervised probation, which was the middle of the sentencing range recommended by the advisory Sentencing Guidelines. Among the conditions of supervision imposed by the Court were 200 hours of community service, successful

participation in a substance abuse program, and 18 months of home detention. Restitution as noted above was also ordered.

As noted, Defendant filed a motion on January 12, 2022 seeking early termination of the remaining term of probation. The motion recited that he was in good standing with the United States Probation Office (which did not oppose the motion), had been compliant with all drug testing without issue, had as of that date paid all but $1,500 of the ordered restitution, and had maintained employment and a stable residence. The Court notes that as of the current date he has now paid his restitution in full. The Defendant has also completed the MRT program, not only completed his required 200 hours of community service within 13 months but had continued to perform community service by speaking to pharmacy students, and was leading the 12-step program at this church where he serves on the leadership council. The United States Attorney's Office indicated that it had no objection to early termination.

18 U.S.C. § 3564(c) provides that a court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may terminate a previously imposed term of probation in the case of a felony at any time after one year of probation, if it is satisfied that such action is warranted by the conduct of the defendant and is in the interests of justice.

The Court has concerns about truncating a defendant's sentence of probation but recognizes that the law not only authorizes early termination of a sentence of probation, but directs that such a request be evaluated roughly similar to requests for early termination of a term of supervised release, which requests are regularly granted.

Upon consideration of the 3553(a) factors and the conduct of the Defendant, the Court determines that the interests of justice are served by granting Defendant's request for termination of his term of probation.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate his Term of Probation (Doc. 49) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE